UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OMEGA PLUMBING LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-cv-01337 (TSE/IDD) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Trustees of the United Association National Pension Fund ("NPF") and the Trustees of the International Training Fund ("ITF") (collectively, "Plaintiffs" or "Funds"), Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) ("Motion") against Defendant Omega Plumbing LLC ("Defendant" or "Omega"). Dkt. No. 1. After Defendant failed to defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** on Count I of the Complaint.

**I.   INTRODUCTION**

On November 30, 2021, Plaintiffs filed this action under Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§

1

1002(3) and (37), and under Sections 501(1), (3) and 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a, (collectively, "Acts"). Compl. ¶ 1-3. These Acts allow parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiffs seek delinquent contributions, interest, liquidated damages, and attorney's fees and costs, pursuant to ERISA and the LMRA. *Id*. ¶¶ 16, 25.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under two federal laws, ERISA and the LMRA. Furthermore, jurisdiction is conferred upon this Court by Sections 502(e)-(f) and 515 of ERISA, 29 U.S.C. §§ 1132 (e)-(f) and 1145, and Section 301(c) of LMRA, 29 U.S.C. § 185(a).

The Court has personal jurisdiction over Defendant pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with the Fifth Amendment." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443, 2015 WL 3940851 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)). A citizen of the United States would have difficulty showing such extreme inconvenience

2

or unfairness. *Id*.

Here, the Funds are administered in Alexandria, Virginia, (Compl. ¶ 1), which is within the Eastern District of Virginia and, as discussed below, Defendant was properly served with process. Because Defendant is incorporated under West Virginia law and has its principal place of business in West Virginia, (Compl. ¶ 3), it would be "highly unusual" for Defendant to show that any "inconvenience will rise to a level of constitutional concern" by defending an action in Virginia. *See Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(c), as the Plaintiff Funds are administered in this district, and their principal place of business is in Alexandria, Virginia. *See* Compl. ¶¶ 1-2. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On December 20, 2021, a private process server served a true and correct copy of the Summons and Complaint on Ana Nooney, who was designated by law to accept service of process on behalf of Omega Plumbing LLC. Dkt. No. 6. Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on November 30, 2021. Dkt. No. 1. Defendants' answers or other responses were due no later than January 10, 2022, and no such answer or other response has been filed or served. Dkt. No. 6. Plaintiffs filed a Request for Entry of Default with the Clerk of the Court on January 24, 2022. Dkt. No. 9. On January 24, 2022, the Clerk entered default against the Defendants. Dkt. No. 10. On February 11, 2022, Plaintiffs filed a Motion for Default Judgment and accompanying memorandum in support of their Motion. Dkt. Nos. 11-12. On February 18, 2022, the undersigned Magistrate Judge conducted a hearing on the matter. Dkt. No. 14. When the Defendant failed to appear at the February 18, 2022 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. *Id.*

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated

4

as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.  FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiffs have established the following facts. Defendant is signatory to the Collective Bargaining Agreement with United Association Local Union No. 625 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant. Compl. ¶ 5. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the National Pension Fund certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement. *Id.* ¶ 6. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the International Training Fund certain sums of money for each hour worked by employees of the Defendant covered by the

Collective Bargaining Agreement. *Id.* ¶ 7. Defendant employed certain employees covered under the Collective Bargaining Agreement during this period and continuing. *Id.* ¶ 8.

Plaintiffs seek a total judgment in the amount of $12,003.85, which consists of $7,204.38 in unpaid contributions for the months of February 2021 through October 2021, $720.44 in liquidated damages for the months of February 2021 through October 2021, interest in the amount of $487.21 assessed at the rate of 12% per annum from the date due through February 18, 2022 and continuing through date of payment to the National Pension Fund; $143.80 in unpaid contributions for the months of February 2021 through October 2021, $28.76 for liquidated damages for the months of February 2021 through October 2021, and interest in the amount of $9.72 assessed at the rate of 12% per annum from the date due through February 18, 2022 and continuing through date of payment payable to the International Training Fund; and costs in the amount of $753.29 and attorneys' fees in the amount of $2,656.25 payable to the National Pension Fund. Dkt. No. 12-3.

### A.  Count I –Contributions to the NPF and ITF

Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interests on the unpaid contributions, liquidated damages provided for under the plan not to exceed twenty percent of the unpaid contributions, reasonable attorney's fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit in any district of the

6

United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

Defendant was obligated to provide reports to Plaintiffs and timely contribute to the Funds in accordance with those reports. Dkt. No. 12-1. Notwithstanding, Defendant failed to timely remit contributions owed during the period of February 2021 through October 2021. *Id.* Plaintiffs filed a memorandum in support of their motion, reflecting that Defendant owes contributions in the amount of $7,204.38 in contributions for the months of February 2021 through October 2021, $720.44 in liquidated damages for the months of February 2021 through October 2021, interest in the amount of $487.21 assessed at the rate of 12% per annum from the date due through February 18, 2022 and continuing through date of payment to the National Pension Fund. Dkt. No. 12. Specifically, Plaintiff International Training Fund requests $143.80 in contributions for the months of February 2021 through October 2021, $28.76 for liquidated damages for the months of February 2021 through October 2021, and interest in the amount of $9.72 assessed at the rate of 12% per annum from the date due through February 18, 2022 and continuing through date of payment. *Id.* Therefore, the undersigned finds that Defendant owes the above referenced amounts to the Plaintiff Funds as a result of its delinquent contributions.

### B. Attorney's Fees and Costs

Finally, Plaintiffs seek $2,656.25 in attorney's fees and $753.29 in costs. Dkt. No. 12-3. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provided a declaration from their attorney and a detailed billing statement in support of their request for attorney's fees and costs. Dkt. No. 12-3. In those documents, Plaintiffs claim $753.29 in costs and $2,656.25 in attorney's fees based on 11.25 hours of counsel time spent at a pre-litigation rate of $285.00 per hour for attorneys and a litigation

rate of $175.00 per hour for paralegals. *Id.* ¶ 8. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiffs' request for attorney's fees and costs to be reasonable and recommends an award of $3,409.54.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Trustees of the United Association National Pension Fund and the Trustees of the International Training Fund. In sum, Plaintiffs are entitled to damages in the total amount of $12,003.85 as follows: (a) $7,204.38 in contributions for the months of February 2021 through October 2021, $720.44 in liquidated damages for the months of February 2021 through October 2021, and interest in the amount of $487.21 assessed at the rate of 12% per annum from the date due through February 18, 2022 and continuing through date of payment to the National Pension Fund; (b) $143.80 in contributions for the months of February 2021 through October 2021, $28.76 for liquidated damages for the months of February 2021 through October 2021, and interest in the amount of $9.72 assessed at the rate of 12% per annum from the date due through February 18, 2022 and continuing through date of payment payable to the International Training Fund; and (c) costs in the amount of $753.29 and attorneys' fees in the amount of $2,656.25 payable to the National Pension Fund.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections**

**to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

Omega Plumbing LLC
352 Whippoorwill Way
Charleston, West Virginia 25314

Nicholas Nooney, Member
Omega Plumbing LLC
352 Whippoorwill Way
Charleston, West Virginia 25314

Ana Nooney, member
Omega Plumbing LLC
352 Whippoorwill Way
Charleston, West Virginia 25314

/s/ Ivan D. Davis

August 10, 2022
Alexandria, Virginia

Ivan D. Davis
United States Magistrate Judge

9